IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES ARTHUR O'NEAL, JR.                                    PLAINTIFF

vs.                        Civil No. 4:10-cv-04072

MICHAEL J. ASTRUE                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

James Arthur O'Neal, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision

of the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI")

under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge

to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of

a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this

authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this

matter.

## 1. Background:

Plaintiff filed applications for SSI and DIB on August 29, 2008.  (Tr. 77-83).  In his

applications, Plaintiff alleged he was disabled due to lower back problems.  (Tr. 96).  Specifically,

Plaintiff alleged the following: "I can't stand for long periods.  My lower back down to my leg.  I have

severe pain.  I have problems sitting, standing, walking, laying, bending."  *Id.*  Plaintiff alleged an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The transcript pages
for this case are referenced by the designation "Tr."

1

onset date of August 18, 2008.  (Tr. 7, 77, 80).  These applications were denied initially and again upon reconsideration.  (Tr. 39-42).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted.  (Tr. 57-68).  And administrative hearing was held on September 2, 2009 in Texarkana, Arkansas.  (Tr. 18-37).  Plaintiff was present and was represented by counsel, Greg Giles, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing. *Id.*  On the date of this hearing, Plaintiff was fifty-seven (57) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008), and had completed the ninth grade in high school.  (Tr. 21).

On January 7, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 7-13).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2011. (Tr. 9, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 18, 2008, his alleged onset date.  (Tr. 9, Finding 2).  The ALJ determined Plaintiff had the following severe impairment: osteoarthritis of the spine.  (Tr. 9, Finding 3).  The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 9, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 10-12).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c).

(Tr. 10-12, Finding 5).  A "full range of medium work" includes the following:

> (c) Medium work.  Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. §§ 404.1567(c), 416.967(c) (2010).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 12, Finding 6).  Although the ALJ did not state the exertional and skill requirements of Plaintiff's PRW in his opinion, the ALJ found Plaintiff retained the ability to perform his PRW as a line worker, industrial cleaner, and prehanger.  *Id.*  Indeed, instead of outlining the exertional and skill requirements of Plaintiff's PRW and comparing that to his RFC, the ALJ merely recited the following:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

(Tr. 12).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 38).  *See* 20 C.F.R. § 404.968.  On April 30, 2010, the Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On May 28, 2010, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on June 23, 2010.  ECF No. 6.  Both Parties have filed appeal briefs.  ECF Nos. 10-11.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);

*Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the

4

claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

In his appeal brief, Plaintiff raises three arguments for reversal: (1) the ALJ's disability determination is not supported by substantial evidence in the record; (2) the ALJ failed to fully and fairly develop his vocational profile; and (3) the ALJ did not give proper consideration to his chronic pain.  ECF No. 10 at 1-17.  Because this Court finds the ALJ erred by failing to develop the record in this case, this Court will only evaluate Plaintiff's second argument for reversal.

In social security cases such as the present action, the ALJ has a duty to fully and fairly develop the record, even when the claimant is represented by counsel.  *See Freeman v. Apfel,* 208 F.3d 687, 692 (8th Cir. 2000).  This duty includes seeking clarification from a treating physician if a crucial issue is underdeveloped or undeveloped.  *See Smith v. Barnhart,* 435 F.3d 926, 930 (8th Cir. 2006).  In the present action, the ALJ found that, even with his back pain, Plaintiff could still perform the full range of medium work. (Tr. 10-12).  The ALJ based this determination in a large part upon the assessment of Plaintiff's treating physician, Dr. Brent Sprinkle, D.O, wherein he found Plaintiff was at "maximum medical improvement."  (Tr. 10-12).

5

Notably, the records from Dr. Sprinkle are dated from the later part of 2008.  (Tr. 242-249).

Plaintiff's alleged onset date was not until August 18, 2008.  (Tr. 77, 80).  In 2009, and subsequent to

his alleged onset date, Plaintiff was treated by Dr. Thomas M. Hart, M.D.  (Tr. 257-261).  In Dr. Hart's

opinion letter to the Arkansas Worker's Compensation Commission, he stated that he "did not agree

with his [Plaintiff's] previous physician, Brett Sprinkle" wherein Dr. Sprinkle found Plaintiff "at

maximum medical improvement."  (Tr. 257).  Indeed, Dr. Hart stated at one point in his treatment

notes that he thought Dr. Sprinkle's finding that Plaintiff had reached "maximum medical

improvement" was "ridiculous."  (Tr. 260).  Dr. Hart's opinion regarding Dr. Sprinkle's assessment

indicates the ALJ in this case improperly gave Dr. Sprinkle's opinion too much weight.

Further, before he could make any certain findings, Dr. Hart stated he needed to review

Plaintiff's current MRI results.  (Tr. 257-261).  Plaintiff had an MRI of his lumbar spine on August

1, 2008, but it appears from the record that Plaintiff has not had an MRI since that time or since his

alleged onset date.  (Tr. 159, 260).  Dr. Hart had a copy of the MRI results from August 1, 2008, but

he stated in his treatment notes that he needed a current copy to review.  Accordingly, based upon these

records, it appears a current MRI of Plaintiff's lumbar spine is necessary for this record to be complete.

Thus, this case must be reversed and remanded for further development of the record.  The ALJ should

obtain the results from such an MRI if one has been performed within the relevant time period or

arrange for one to be conducted.

As a final note, on remand, the ALJ should more fully evaluate Plaintiff's PRW to determine

whether Plaintiff does retain the ability to perform his PRW.  As noted above, instead of outlining the

exertional and skill requirements of Plaintiff's PRW and comparing that to his RFC, the ALJ merely

recited that Plaintiff retained the ability to perform his PRW.  (Tr. 12).  This was error, but this issue

alone does not necessarily require a remand.  *See Samons v. Astrue,* 497 F.3d 813, 821 (8th Cir. 2007) (finding a showing of prejudice is required for a remand on this issue).  However, because this case must be remanded for further development of the record, the ALJ should also address this issue on remand.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of June, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE